**JUSTARR CORPORATION, d.b.a. The Terrace at Westside, Appellee,**

**v.**

**BUCKEYE UNION INSURANCE COMPANY, Appellant.**

[Cite as *Justarr Corp. v. Buckeye Union Ins. Co.* (1995), 102 Ohio St.3d 222.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–930848.

Decided March 29, 1995.

*Droder & Miller Co., L.P.A.,* and *W. John Sellins,* for appellee.

*Kohnen & Patton, Joseph L. Dilts* and *David J. Spielman,* for appellant.

---

*Per Curiam.*

This is an appeal from the trial court's judgment reforming an insurance contract issued by defendant-appellant, Buckeye Union Insurance Company, adding plaintiff-appellee, Justarr Corporation, d.b.a. The Terrace at Westside, as a named insured. Buckeye Union asserts that in light of contradictory evidence, Justarr failed to prove a mutual mistake between Buckeye Union and the owners and operators of The Terrace at Westside, a forty-bed health care facility, as to who or what entity was a named insured under the policy. Buckeye Union urges us to conclude, therefore, that the court erred in reforming the insurance contract to include Justarr as a named insured and in declaring that Buckeye Union was required to defend Justarr pursuant to that reformed policy. We disagree.

Because the record supports the trial court's conclusion that Justarr proved by clear and convincing evidence that the insured initially listed on the declaration page of the insurance contract did not reflect the intentions of the parties, demonstrated by their course of dealing, to insure the business entity operating The Terrace at Westside, we affirm the trial court's decision. We also affirm its related declaration that, pursuant to the reformed contract, Buckeye Union has an obligation to defend Justarr in a lawsuit against it alleging sexual harassment.

■ In October 1992, Justarr initiated this action against Buckeye Union, seeking a declaration that Buckeye Union is obligated to defend Justarr against claims of sexual harassment. Those claims, alleging harassment and intentional torts occurring during the 1990 to 1991 policy period, named Abe Fischer and Justarr as defendants. Justarr, a closely held corporation with one stockholder, Abe Fischer, operates The Terrace at Westside. Justarr leases the buildings used from Abe Fischer's parents, Jacob and Eta Fischer.

Buckeye Union counterclaimed, seeking a declaration that it had no obligation to defend Justarr,[1] and asserting, *inter alia,* that only Jacob Fischer, d.b.a. Westside Health Care,[2] was listed as a named insured on the declaration page of the written policy of insurance first issued on December 20, 1988.

---

1. Buckeye Union agreed to defend Abe Fischer in the sexual harassment suit.

2. The Fischer families, either individually or through various closely held corporations, operate The Terrace at Westside, located on Grand Avenue in Cincinnati, and an adjacent seventy-five-bed skilled-nursing health care facility, Westside Health Care. The families also operate Quiet Acres, another health care facility located in Washington Courthouse, Ohio.

Over objection by Buckeye Union, the trial court permitted Justarr to amend its complaint and seek reformation of the contract of insurance. The case was tried to the court. On October 6, 1993, the court journalized its judgment in which it declared the rights of the parties and made findings of fact and conclusions of law in favor of Justarr. The court specifically ordered that the contract between the parties should be reformed to include Justarr as a named insured during the 1990 to 1991 policy period. In three interrelated assignments of error, Buckeye Union asserts that the court erred in interpreting the evidence, especially in light of contradictory evidence concerning Jacob Fischer's intentions.

■ A mistake in reducing an agreement to writing is subject to reformation if the resulting written contract fails to reflect the agreement of the parties. *Castle v. Daniels* (1984), 16 Ohio App.3d 209, 16 OBR 224, 475 N.E.2d 149; *Guenther v. Downtown Mercury, Inc.* (1958), 105 Ohio App. 125, 5 O.O.2d 413, 151 N.E.2d 749; *Greenfield v. Aetna Cas. & Sur. Co.* (1944), 75 Ohio App. 122, 127–128, 30 O.O. 427, 429, 61 N.E.2d 226, 229 ("equity will afford a remedy by way of reformation of a written instrument to make it conform to the real agreement or intention of the parties"). As Buckeye Union aptly notes, "The real question * * * is whether the contract of insurance as written and issued embodies the actual agreement of the parties to it."

■ When, as here, reformation of a contract is sought on the basis of mistake, the party seeking such reformation must establish the existence of the mistake by clear and convincing evidence. *Shear v. W. Am. Ins. Co.* (1984), 11 Ohio St.3d 162, 164, 11 OBR 478, 479–480, 464 N.E.2d 545, 547; *Humboldt Fire Ins. Co. v. R.K. LeBlond Machine Tool Co.* (1917), 96 Ohio St. 442, 118 N.E. 121, syllabus; *Snedegar v. Midwestern Indemn. Co.* (1988), 44 Ohio App.3d 64, 69–70, 541 N.E.2d 90, 96. Clear and convincing evidence is that evidence necessary to elicit in the mind of the trier of fact a firm belief or conviction as to the allegations to be established. *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. If the evidentiary burdens are met, a court may reform the contract to make the writing reflect the intended agreement of the parties. *Castle v. Daniels.*

In essence, Buckeye Union urges us to hold that the evidence could not have elicited a firm belief that the written contract failed to reflect the intentions of the parties to it and was thus amenable for reformation.

■ It is well settled that this court's authority to review a trial court's factual determinations is limited. The resolution of factual disputes is properly left to the court sitting as the trier of fact. In "either civil or criminal cases, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227

N.E.2d 212, paragraph one of the syllabus. The trial court's judgment in a civil case, therefore, if supported by some competent, credible evidence going to all essential elements of the claim, will not be reversed as being against the manifest weight of the evidence. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. This standard applies in our review of the reformation of an insurance contract. *Shear v. W. Am. Ins. Co.*, 11 Ohio St.3d at 164, 11 OBR at 479–480, 464 N.E.2d at 547.

The record contains ample evidence from which the trial court could have found there was a mutual mistake of fact as to whether coverage was intended for Justarr. In reviewing the record of this admittedly confused business dealing, we note with respect to the issue of reformation that credible testimony concerning the conduct of the parties, any course of dealing between them, and the method of handling the transaction at issue are entitled to great weight in determining the parties' agreement. *Castle v. Daniels.*

The trial court identified the following facts in support of its determination. In December 1988, Buckeye Union issued a policy of insurance in the name of Jacob Fischer, d.b.a. Westside Health Care. The application for insurance was completed by an agent of Buckeye Union on November 22, 1988, and anticipated coverage for the Westside skilled-nursing facility and the adjacent Terrace at Westside. The application was not signed by any representative of Westside Health Care. On December 8, 1988, a supplemental application for residential health care facilities, signed by Jacob Fischer, indicated the facilities were operated by a corporation. The application listed Abe Fischer as the administrator and the point of contact at the health care facility. The application was forwarded to the agent and then to Buckeye Union's underwriters. An employee of the agent testified that "[t]he intent was to insure the two classes of nursing care, when the policy was written in '88."

In response to the application, Buckeye Union sent its technicians to Westside Health Care and The Terrace at Westside to inspect the properties. Their report, dated December 22, 1988, stated that a corporation owned and operated the health care facilities. The rating classifications for general liability were based primarily on the number of beds in each facility and the type of care it extended to patients. The form of ownership and the named insureds were not significant to the determination of the premiums charged.

On February 21, 1989, Buckeye Union acknowledged adding property and business-interruption coverage to the existing liability coverage extended to "The Terrace at Westside." The policy was renewed in 1989, 1990, and 1991. Jacob Fischer remained the only named insured until February 1992.

Finally, on February 12, 1992, Buckeye Union issued an acknowledgement of policy change adding Jacob E. Fischer, Eta Fischer, Abe Fischer, J.E.F., Inc., d.b.a. Westside Health Care, a closely held corporation owned by Jacob and Eta Fischer, and Justarr, Inc., d.b.a. The Terrace at Westside.

Eileen Johnson, a Buckeye Union underwriter, testified that no additional premium was charged when the new insureds were added because "this change did not in any way change any of our rating exposures that we would use on this policy."

As some competent, credible evidence was presented at trial to support the determinations of the trial court, the resolution of factual disputes was properly left to the court sitting as the trier of fact. Accordingly, the gravamen of Buckeye Union's first assignment of error and the entirety of its second and third assignments of error are overruled.

█ In the initial issue presented for review and argument under its first assignment of error, Buckeye Union contends that as Justarr was not an original party to the contract of insurance and was not in privity with an original party, it was not entitled to seek reformation of the contract. This argument is without merit, as R.C. 2721.03 provides that "[a]ny person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a * * * contract * * * may * * * obtain a declaration of rights, status, or other legal relations thereunder." See *Radaszewski v. Keating* (1943), 141 Ohio St. 489, 26 O.O. 75, 49 N.E.2d 167, paragraph one of the syllabus. Appellant's first assignment of error is overruled.

The judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

DOAN, P.J., GORMAN and M.B. BETTMAN, JJ., concur.