OPINION
{¶ 1} Kathleen Brooks ("Brooks") appeals the August 22, 2003 judgment entry of the Painesville Municipal Court denying her motion to vacate judgment. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} In 2002, Citibank South Dakota, N.A. ("Citibank") filed a complaint against Brooks seeking repayment of a credit card debt. Subsequently, Citibank voluntarily dismissed the action. On February 26, 2003, Citibank re-filed its complaint.
 {¶ 3} On March 7, 2003, the complaint was served by certified mail to Brooks' residence. The receipt was signed by Brooks' husband, John Brooks ("John"). The mailing included a letter from the clerk of courts indicating that Brooks was required to serve a copy of her answer within twenty-eight days and that the failure to do so would result in default judgment. Since Brooks failed to file an answer, a default judgment was entered for Citibank on June 2, 2003.
 {¶ 4} On July 18, 2003, Citibank moved for garnishment of Brooks' bank account with Keybank. On August 4, 2003, Brooks filed a motion to vacate judgment pursuant to Civ.R. 60(B). A hearing on the motion was heard before a magistrate on August 20, 2003. On August 22, 2003, the magistrate denied Brooks' motion to vacate judgment, concluding that Brooks failed to establish a meritorious defense. The trial court adopted the magistrate's decision on that same day.
 {¶ 5} Brooks timely appealed the trial court's decision and raises the following assignments of error:
 {¶ 6} "[1.] The trial court committed error in not vacating the plaintiff-appellee's motion for default judgment.
 {¶ 7} "[2.] The trial court did not allow this defendant-appellant sufficient time to challenge the magistrate's decision pursuant to Civ.R. 53(C)(3)(b), see the trial court's entries."
 {¶ 8} In the interests of judicial economy, we will first address Brooks' second assignment of error. In her second assignment of error, Brooks argues that, since the trial court adopted the magistrate's decision the same day the magistrate issued his decision, she was not afforded the opportunity to challenge the magistrate's decision as granted by Civ.R. 53(C)(3)(b).
 {¶ 9} Pursuant to Civ.R. 53(C)(3)(b), the party appealing the magistrate's decision has ten days after the issuance of that decision in which to move to set aside the magistrate's decision by submitting objections. However, "[t]he court may adopt a magistrate's decision without waiting for timely objections by the parties, but the filing of timely written objections shall operate as an automatic stay of execution of that judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(E)(4)(c). Thus, although the trial court adopted the magistrate's decision before the ten day period in which to move to set aside the decision lapsed, Brooks was not precluded from filing objections to the magistrate's decision pursuant to Civ.R. 53(E)(4)(c).
 {¶ 10} Brooks' second assignment of error is without merit.
 {¶ 11} In her first assignment of error, Brooks argues that Citibank failed to perfect service upon her and, thus, she did not receive proper notice of the action. Brooks also argues that the funds that were garnished belonged solely to John. Brooks, therefore, argues that she was entitled to relief from the default judgment.
 {¶ 12} Brooks' arguments derive directly from the conclusions contained in the magistrate's decision. Although the trial court adopted the decision on the same day the magistrate issued his decision, as discussed above, Brooks still had the opportunity to file objections pursuant to Civ.R. 53(E)(4)(c). Brooks, however, failed to timely object to the magistrate's decision. Brooks is, therefore, now precluded from "assigning as error on appeal the court's adoption" of the magistrate's conclusions. Civ.R. 53(E)(3)(b); State ex rel. Booher v. Honda of Am. Mfg., Inc.,88 Ohio St.3d 52, 53, 2000-Ohio-269.
 {¶ 13} "Nevertheless, according to Civ.R. 53(E)(4)(a), the trial court was obligated to conduct a sufficient review of the magistrate's decision prior to adopting it." In re Komlanc,
11th Dist. No. 2002-T-0067, 2003-Ohio-5227, at ¶ 11. In conducting such a review, the trial court only needs to review the magistrate's decision to "determine [if] there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a) (emphasis added). In other words, where no objections are filed, "prior to adopting a magistrate's decision, a trial court should conduct a cursory examination and review of the decision for any obvious errors." Komlanc,
2003-Ohio-5227, at ¶ 9 (citations omitted) (emphasis added). "A de novo review of the magistrate's decision by the trial court is needed only if an appropriate objection is filed by a party."Perko v. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435 and 2002-G-2436, 2003-Ohio-1877, at ¶ 21 (citation omitted) (emphasis added).
 {¶ 14} The trial court indicated in its judgment entry that it examined the magistrate's decision for any obvious errors and, upon finding no such errors, the trial court "affirmed and adopted" the magistrate's decision. Thus, it is clear that the trial court conducted the requisite cursory review of the magistrate's decision for obvious errors. Moreover, since the proceeds in a joint bank account are not exempt from garnishment, see Ingram v. Hocking Valley Bank (1997), 125 Ohio App.3d 210,218-219, and since Brooks failed to establish any meritorious defense to Citibank's cause of action in her Civ.R. 60(B) motion, there were no errors, obvious or otherwise, in the magistrate's decision to deny Brooks' motion for relief from judgment. SeeGTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976),47 Ohio St.2d 146, 150-151 (to succeed on a Civ.R. 60(B) motion, the movant must demonstrate that: 1) the movant has a meritorious defense or claim if relief were granted; 2) the movant is entitled to relief under Rule 60(B)(1), (2), (3), (4) or (5); and 3) the motion is made within a reasonable time).
 {¶ 15} Brooks' first assignment of error is without merit.
 {¶ 16} For the foregoing reasons, we hold that Brooks' assignments of error are without merit. The decision of the Painesville Municipal Court is affirmed.
O'Neill, J., Rice, J., concur.