OPINION
{¶ 1} Appellant, Jane M. Yoakum, f.k.a. Jane M. McIntyre, appeals from the Columbiana County Court of Common Pleas' decision of October 14, 2003 to adopt the magistrate's decision, issued that same day.
 {¶ 2} These decisions were in response to Appellant's motion for relief from the court's judgment recognizing the emancipation of Appellant's oldest child for child support purposes.
 {¶ 3} The trial court's decision now on appeal also overruled Appellant's motion seeking a contempt order against the Columbiana County Child Support Enforcement Agency's ("CSEA") attorney and director. Appellant claimed that they acted fraudulently and had ex parte communications with the court. For the following reasons, we affirm the decision of the trial court in full.
 {¶ 4} The procedural history in this case is quite extensive. The underlying issues stem from a February 26, 1997, nunc pro tunc order rendered by Judge Milligan, sitting by assignment, in the Columbiana County Court of Common Pleas. The order concerned the continuing jurisdiction of that court over child custody and support issues. The trial court found that both parents established residences outside the State of Ohio. The court decided that since the children's home state was Alabama, Alabama was a more convenient forum. Thus, the court transferred the matter to the State of Alabama.
 {¶ 5} Appellant appealed that decision to this Court. However, we subsequently dismissed her appeal for her failure to prosecute.
 {¶ 6} Thereafter in 1998, Appellant requested a modification in the Circuit Court of Madison County, Alabama, of a prior Ohio order concerning child support. On February 8, 2002, the Alabama court issued an order concluding that the State of Alabama did not have proper jurisdiction relative to the child support issues.
 {¶ 7} The Columbiana County CSEA subsequently conducted an administrative modification since it had continued to collect support pursuant to the prior Ohio order. Appellant requested a hearing in March of 2002. Based on Appellant's request for hearing and the confusion as to which state had jurisdiction concerning the child support issues, the Columbiana County CSEA filed a request for declaratory judgment in this case on April 17, 2002.
 {¶ 8} Appellant requested Judge Milligan recuse himself from the case. The Ohio Supreme Court subsequently assigned Judge William J. Martin to preside over the matter.
 {¶ 9} On January 16, 2003, Judge Martin held that the Columbiana County Court of Common Pleas and CSEA had subject matter jurisdiction relative to the child support issues. He also adopted the CSEA modification, which recognized the emancipation of Appellant's oldest child, who was 18 years old and had graduated from high school.
 {¶ 10} In response, Appellant filed a motion for relief from judgment and a motion asking the trial court to hold the CSEA director and attorney in contempt of court. The trial court overruled both motions on February 11, 2003.
 {¶ 11} Appellant again filed a motion for relief from judgment and a motion for contempt in May of 2003. These motions were addressed at hearings held in June of 2003. On October 14, 2003, both the magistrate and the trial court overruled Appellant's motions. Appellant, pro se, timely appealed the trial court's decision and asserts nine assignments of error. Appellant's ex-husband, Robert R. McIntyre, has not filed a brief on appeal. CSEA did file an answer brief on appeal.
 {¶ 12} It should be noted that in Appellant's brief, reply brief, and her supplemental brief, she attempts to raise numerous other issues too convoluted to identify and explain herein. For example, she accuses her prior counsel of conspiring against her with the CSEA; she alleges the CSEA was in breach of its contractual obligation to maintain proper records; and she claims that the Columbiana County Court of Common Pleas regularly and intentionally transfers "difficult" cases from its docket.
 {¶ 13} However, an appellate court is required to address only those issues that are both assigned as error and briefed.Chem. Bank of New York v. Neman (1990), 52 Ohio St.3d 204, 207,556 N.E.2d 490; Toledo's Great E. Shoppers City, Inc. v. Abde'sBlack Angus Steak House No. III, Inc. (1986), 24 Ohio St.3d 198,202, 24 OBR 426, 494 N.E.2d 1101. In addition, App.R. 12(A)(2) authorizes a court of appeals to disregard any issue that is assigned, but not separately argued. Mitulski v. USS/Kobe SteelCo. (May 26, 1999), Lorain App. Nos. 98CA007085 and 98CA007105;Cuyahoga Falls v. Vogel (Sept. 16, 1998), 9th Dist. No. 18826.
 {¶ 14} Additionally, Appellant's "Supplement Brief" and attachments thereto were not considered by this Court since the rules of appellate procedure do not allow any additional briefs without leave of court, and none was requested in the instant cause. App.R. 16(C).
 {¶ 15} Finally, a pro se party must be held to the same standards as all litigants. Kilroy v. B.H. Lakeshore Co.
(1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171. Based on the foregoing, Appellant's multiple attachments, exhibits, and arguments are narrowed herein to best address the issues she attempts to raise in her assignments of error.
 {¶ 16} Appellant's claimed errors on appeal appear to focus on three main issues. The first issue concerns the trial court's denial of her motion for relief from judgment. Her second issue concerns the trial court's denial of her contempt request. The third central issue addresses the administrative emancipation of her son.
 {¶ 17} Before addressing the merits of Appellant's arguments on appeal, we must discuss her failure to file objections to the underlying magistrate's decision pursuant to Civ.R. 53(E)(3)(b). As previously noted, the trial court adopted the magistrate's decision in this case on the same day it was rendered. Appellant subsequently appealed the trial court's decision adopting said decision. However, Appellant never filed objections to the underlying magistrate's decision.
 {¶ 18} Civ.R. 53(E)(3)(a) provides a party fourteen days to submit objections to a magistrate's decision. However, "[t]he court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties[.]" Civ.R. 53(E)(4)(c). The trial court's order adopting a magistrate's decision before the end of this fourteen-day period, however, does not preclude a party from filing objections. Citibank SouthDakota, N.A. v. Brooks, 11th Dist. No. 2003-L-149,2004-Ohio-5318, ¶ 9.
 {¶ 19} Further, a parties' failure to file objections to a magistrate's decision pursuant to Civ.R. 53, precludes a party from, "`assigning as error on appeal the court's adoption' of the magistrate's conclusions." (Citations omitted.) Id. at ¶ 12.
 {¶ 20} Regardless of the lack of objections, a trial court is, "obligated to conduct a sufficient review of the magistrate's decision prior to adopting it." Citibank, supra, at ¶ 13, citing In re Komlanc, 11th Dist. No 2002-T-0067,2003-Ohio-5227, at ¶ 9. Absent any objections, a trial court must review the magistrate's decision for obvious errors. Id.
 {¶ 21} Appellant, in the instant matter, did not file any objections to the underlying magistrate's decision. Accordingly, she is now, "precluded from `assigning as error on appeal the court's adoption' of the magistrate's conclusions." Citibank,
supra, at ¶ 12.
 {¶ 22} In reviewing Appellant's claimed errors along with the trial court's and magistrate's decisions, it is evident that her arguments on appeal should have been raised and addressed as objections to the magistrate's decision. Notwithstanding Appellant's failure and in the interests of justice, we will address Appellant's arguments on appeal.
 {¶ 23} Appellant's assignments of error numbered four, five, seven, and eight concern her motion for relief from judgment and are addressed first. In these assignments of error she argues:
 {¶ 24} "4. The trial court abused it's [sic] discretion when it found the delay in time in filing the appellants [sic] motion [for relief from judgment] was unreasonable.
 {¶ 25} "5. The trial court abused it's [sic] discretion by giving greater weight to the Columbiana County CSEA who is not a party to this action. The defendant, Robert McIntyre did not appear and object to the 60(B) filing. Pursuant to Civil Rule8, averments not denied are admitted.
 {¶ 26} "7. The trial court abused it's [sic] discretion by not considering the obvious bias against the individual parties, by Visiting Judge Milligan.
 {¶ 27} "8. The trial court erred by failing to determine that the order of February 27, 1997 is a violation of the parties [sic] right to due process and a violation of the children's constitution [sic] right to have an order of support enforceable in a court of law."
 {¶ 28} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that:
 {¶ 29} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc.
(1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 30} It must be stressed that a motion for relief from judgment under Civ.R. 60(B) is not a substitute for an appeal. Errors that could have been corrected by a timely appeal cannot be the predicate for a motion for relief from judgment. Ward v.Hengle (1999), 134 Ohio App.3d 347, 350, 731 N.E.2d 198, appeal not allowed 87 Ohio St.3d 1408, 716 N.E.2d 1169. Further, this Court has previously held:
 {¶ 31} "This court need not address the merits of the argument proposed by appellant for the simple fact that it was not timely raised. * * * Other courts have similarly recognized that an appellant may not challenge the legal correctness of a trial court's original decision by means of a Civ.R. 60(B) motion to vacate. * * * In the event an individual's motion to vacate is premised upon issues which should have been raised on direct appeal, a trial court does not abuse its discretion in refusing to vacate its original order. Id. If this court were to hold differently, `judgment would never be final because a party could indirectly gain review of a judgment from which no timely appeal was taken by filing a motion for reconsideration or a motion to vacate judgment.'" (Citations omitted.) In re Stuba (May 18, 2000), 7th Dist. No. 99 CA 208, 2; In re Teasley, 10th Dist. No. 03AP-196, No. 03AP-227, 2003-Ohio-5079.
 {¶ 32} The facts in the instant matter reveal that Appellant filed a motion for relief from judgment from the Columbiana County Court of Common Pleas' decision rendered on February 26, 1997. She filed her current relief request in the trial court more than six years after the 1997 decision. The original February 26, 1997, nunc pro tunc order was issued by Judge Milligan, sitting by assignment. It concerned the continuing jurisdiction of the Columbiana County Court of Common Pleas over child custody and support judgments. It held that since both parents established residences outside the State of Ohio, and the children's home state was Alabama, Alabama was a more convenient forum. Thus, it transferred the matter to Alabama.
 {¶ 33} A review of the facts and circumstances in Appellant's motion for relief from the trial court's original 1997 order reveals that it is simply an attempt to raise issues that should have been raised on direct appeal. Appellant's seventh and eighth assignments of error concern the underlying basis for the trial court's 1997 order. Assignments of error four and five address other issues surrounding the trial court's denial of her motion for relief from judgment.
 {¶ 34} We note again that Appellant originally filed a notice of appeal from the February 26, 1997, judgment to this Court on March 24, 1997. However, we subsequently dismissed her appeal on December 30, 1997, pursuant to App.R. 18(C) for her failure to file assignments of error and a brief.
 {¶ 35} The standard of review on appeal from a ruling on a motion for relief from judgment is whether the trial court abused its discretion. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Wells v. SpiritFabricating, Ltd. (1996), 113 Ohio App.3d 282, 287,680 N.E.2d 1046, dismissed, appeal not allowed 77 Ohio St.3d 1514,674 N.E.2d 369.
 {¶ 36} Although Appellant is a pro se litigant, she must still adhere to the basic tenants of civil procedure. "Ignorance of the law is no excuse, and Ohio courts are under no duty to inform civil pro se litigants of the law." Jones Concrete, Inc.v. Thomas, (Dec. 22, 1999), 9th Dist. No. 2957-M, 1. "[P]ro se litigants are, `presumed to have knowledge of the law and of correct legal procedure and [are] held to the same standard as all other litigants.'" Id. at 2, citing Kilroy v. B.H. LakeshoreCo. (1996), 111 Ohio App.3d 357, 363, 676 N.E.2d 171.
 {¶ 37} Based on the foregoing, the trial court did not abuse its discretion in denying Appellant's motion for relief from its 1997 judgment. Her arguments could and should have been addressed in her original timely appeal, which she chose not to pursue.
 {¶ 38} Appellant's fifth assignment of error also raises Civ.R. 8(D), and argues that averments not denied are admitted. She asserts that since her ex-husband never responded or objected to her motion for relief from judgment, this motion should have been granted or deemed admitted. However, Appellant fails to appreciate that Civ.R. 8(D), the effect of failing to deny, only applies to pleadings. A Civ.R. 60(B) motion for relief from judgment is not a pleading, and Civ.R. 8(D) is inapplicable. Civ.R. 7; Haney v. Trout (Feb. 12, 2002), 10th Dist. Nos. 00AP-1448, 00AP-1457, 6.
 {¶ 39} Thus, we must overrule assignments of error four, five, seven, and eight that stem from the trial court's denial of Appellant's motion for relief from judgment and the trial court's February 26, 1997, nunc pro tunc order.
 {¶ 40} In Appellant's sixth assignment of error she takes issue with the trial court's assessment of court costs against her. She claims that:
 {¶ 41} "6. The trial court erred when it ordered the obligee to pay court costs contrary to Ohio's Administrative Code5101:1-31-23."
 {¶ 42} Appellant argues that the costs were assessed against her relative to her Civ.R. 60(B) and contempt requests as a means for the trial court to harass her.
 {¶ 43} However, Civ.R. 54(D) provides, "costs shall be allowed to the prevailing party unless the court otherwise directs." As set forth previously, Appellant was not the prevailing party relative to her Civ.R. 60(B) motion and contempt request. She may properly be held responsible for the associated court costs. Further, a trial court's allocation of costs under Civ.R. 54(D), will not be reversed on appeal absent an abuse of discretion. Hagemeyer v. Sadowski (1993), 86 Ohio App.3d 563,567, 621 N.E.2d 707. Nothing before this Court reflects error. As such, this claimed error is overruled.
 {¶ 44} The second main issue raised in Appellant's appeal concerns the trial court's failure to find Attorney Rea and the CSEA director in contempt of court.
 {¶ 45} A court's decision in a contempt proceeding should not be reversed absent an abuse of discretion. General Motors Corp.v. Industrial Com'n of Ohio (1990), 48 Ohio St.3d 43, 44,549 N.E.2d 162; State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10, 19 O.O.3d 191, 417 N.E.2d 1249. "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice."Windham Bank v. Tomaszcyk (1971), 27 Ohio St.2d 55,271 N.E.2d 815, paragraph two of the syllabus. Thus, "great reliance should be placed upon the discretion of the trial judge." Denovchek v.Bd. of Trumbull Cty. Comm'rs (1988), 36 Ohio St.3d 14, 16,520 N.E.2d 1362. In fact, a trial judge has discretion to deny a contempt request even when a party is in violation of a court order. Burke v. Burke (May 14, 1999), 11th Dist. No. 98-G-2163.
 {¶ 46} Appellant's assignments of error concerning her alleged contempt issues are as follows:
 {¶ 47} "1. The trial court erred in determining that Attorney Susan Rea's testimony in prior hearings was not testimony under oath. The attorney, Susan Rea is a court official and therefore is always under oath by virtue of the Rules of Professional Conduct. Attorney Susan Rea violated multiple Disciplinary Rules in `the best interests of the agency'.
 {¶ 48} "2. The trial court erred by failing to consider the court specific [sic] contract between itself and the CSEA when determining whether the CSEA, Attorney Rea and Director Elaine Drey-Bardon failed to follow the procedures identified in the contract between the Court and the CSEA.
 {¶ 49} "3. The trial court erred in making a determination that the email of 9/11/97 between Susan Rea and Rob Pierson did not constitute an admission of ex-parte communication by Susan Rea regarding substantive issues, but simply concerning procedural issues."
 {¶ 50} Appellant claims that Rea, the CSEA attorney, committed fraud upon the court and engaged in an ex parte communication with the trial court judge who previously presided over this case. Appellant also claimed that the CSEA director failed to follow requisite procedures.
 {¶ 51} Appellant's theory of Atty. Rea's and the CSEA director's alleged "fraud upon the court" primarily concerns their alleged failure to notify the court that Appellant's ex-husband Robert was residing in Ohio. Appellant argued that had they properly informed the court of Robert's residency, then Ohio would have continuously retained jurisdiction. Based on their alleged failures, she claims that her case was "stuck in limbo" since Alabama declined jurisdiction relative to child support issues. Appellant also argued that Atty. Rea and the CSEA failed to notify the court that Robert was employed.
 {¶ 52} Appellant relied on Robert's probation officer's testimony to establish Atty. Rea and the CSEA's alleged failures. The probation officer testified that Robert's Ohio probation required him to report his correct and current address. The probation officer's records reflected that his residency in February of 1998 and May of 2002 was in Ohio. Her records also reflected that he was employed during this time period. (June 23, 2003, Judith Thomas Tr., pp. 6-7.)
 {¶ 53} Notwithstanding the potential discrepancy relative to Robert's residency and employment, nothing before this Court supports Appellant's contempt claims. No evidence was revealed reflecting any alleged wrongdoing by Atty. Rea or the CSEA director. There is nothing even arguably establishing that either Atty. Rea or the CSEA had direct knowledge of Appellee's employment or Ohio residence and that they failed to disclose the same to the court.
 {¶ 54} Appellant also takes issue with the magistrate's finding that Atty. Rea was not acting as a witness since, acting in her capacity as an attorney, she only relayed information to the court provided to her by others. Based on this, the magistrate determined that she never testified in the case. (Oct. 14, 2003, Magistrate's Decision.) This finding was not specifically adopted by the trial court. Regardless, the trial court held that Appellant's contempt claims lacked merit. It found that neither Atty. Rea nor the CSEA director misbehaved or disobeyed any court order. (Oct. 14, 2003, Judgment Entry.)
 {¶ 55} It should also be noted that Appellant's second assignment of error concerning Atty. Rea's alleged failure to comply with procedures set forth in the CSEA's contract with the trial court is not properly before this Court. Appellant's underlying motions, resulting in the trial court's October 14, 2003, Judgment Entry, do not address this issue. Since Appellant did not raise this issue at the trial court level, she may not now raise it on appeal. Mason v. Meyers (2000),140 Ohio App.3d 474, 477, 748 N.E.2d 100.
 {¶ 56} Appellant's third assignment of error concerns an alleged ex parte communication between Atty. Rea and the trial judge in 1997. This claimed error could and should have been raised on appeal in 1997, had Appellant pursued this appeal. Notwithstanding, and contrary to Appellant's arguments, nothing before this Court reflects any wrongdoing. An email communication between Atty. Rea and two other CSEA employees was read at the hearing. It provided that Atty. Rea had talked with Judge Milligan and that he indicated he, "was not inclined to allow the [Appellant's] case to return to Ohio as Alabama was more appropriate." (June 23, 2003, Darlene Sue Rea Tr., p. 137.) It is on this statement Appellant bases her claim that there was an improper ex parte communication.
 {¶ 57} However, Atty. Rea testified that she did not provide the judge with any information as to the jurisdictional issue at the time. (June 23, 2003, Darlene Sue Rea Tr., p. 138.) There is no evidence to the contrary. Further, there is no indication from the record that this jurisdictional issue was ever discussed beyond the judge conveying his inclinations.
 {¶ 58} Judge Milligan testified that he transferred the matter to Alabama, believing it was a more appropriate forum for the enforcement of child support because the children were living in that state with Appellant. Judge Milligan had no recollection that he ever had an ex parte discussion with Atty. Rea concerning this case. (June 23, 2003, Judge John Milligan Tr., pp. 7-10.)
 {¶ 59} The Ohio Supreme Court previously addressed a similar issue in this matter and found that it lacked merit. Appellant's allegation about an ex parte communication was raised in her affidavit seeking Judge Milligan's disqualification. The Supreme Court found that Judge Milligan admitted communicating with the CSEA, but only for scheduling purposes when the case was returned to Ohio from Alabama. (Oct. 28, 2002, Entry.) The Supreme Court stressed that it found no bias or prejudice by Judge Milligan, but that the record demonstrated, "a scurrilous, sustained, unsupported attack by affiant [Appellant] on the ethics, morality, and judgment of everyone involved in these protracted proceedings, except herself[.]" (Oct. 28, 2002, Entry.)
 {¶ 60} Based on a review of the foregoing and the record before this Court, there is nothing to support Appellant's contempt claims. The record reveals no misbehavior or failure to obey any court order. As such, Appellant's first, second, and third assignments of error lack merit and are overruled.
 {¶ 61} The final central issue raised on appeal is set forth in Appellant's ninth assignment of error:
 {¶ 62} "9. The trial court erred in denying the children support beyond the date of graduation by failing to grant a deviation."
 {¶ 63} Appellant claims that the trial court erred in discontinuing her son's child support beyond his high school graduation and eighteenth birthday.
 {¶ 64} Contrary to Appellant's arguments, however, child support generally discontinues when a child reaches the age of majority, i.e., eighteen years old. R.C. § 3109.01. Further, a court is usually without jurisdiction to order a parent to support a child once that child reaches the age of majority.Maphet v. Heiselman (1984), 13 Ohio App.3d 278, 279, 13 OBR 343, 469 N.E.2d 92.
 {¶ 65} Child support obligations under a child support order shall only continue beyond the child's eighteenth birthday under certain specified circumstances, such as:
 {¶ 66} "(a) The child is mentally or physically disabled and is incapable of supporting or maintaining himself or herself.
 {¶ 67} "(b) The child's parents have agreed to continue support beyond the child's eighteenth birthday pursuant to a separation agreement that was incorporated into a decree of divorce or dissolution.
 {¶ 68} "(c) The child continuously attends a recognized and accredited high school on a full-time basis on and after the child's eighteenth birthday." R.C. § 3119.86 (A)(1).
 {¶ 69} Thus, absent evidence that Appellant's son was mentally or physically challenged or evidence reflecting a continuation of support agreement in the parents' dissolution or divorce decree, the trial court was not authorized to extend child support beyond Appellant's son's eighteenth birthday and/or high school graduation.
 {¶ 70} Appellant has not presented any evidence that there exists such agreement, and there is no evidence or argument relative to her son's mental or physical abilities. In addition, a parent in Ohio owes no duty under law to pay for his or her emancipated children's college education. Richards v. Richards
(Nov. 2, 2001), 2nd Dist. No. 18660, 5. As such, Appellant's ninth assignment of error lacks merit.
 {¶ 71} In conclusion, we find no support for any of Appellant's assignments of error on appeal. Accordingly, the trial court's judgment is hereby affirmed in its entirety.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.