DECISION AND JUDGMENT
{¶ 1} Defendants-appellants, Lois Brigham, Fred Brigham and Michelle Brigham, have appealed the Wood County Court of Common Pleas' March 13, 2008 judgment entry granting summary judgment in favor of plaintiff-appellee, FWS Properties, LLC ("FWS"), ordering that title to the real property at issue be quieted in favor of FWS, and reforming the 2005 warranty deed. The court also denied appellants' *Page 2 
cross-motion for summary judgment. Because we find that issues of material fact remain, we reverse the trial court's judgment, in part.
 {¶ 2} The facts of this case begin in 1904, when Fred Conklin was deeded 53 acres of land in Perrysburg, Wood County, Ohio. The property was described as:
 {¶ 3} "The west half of the north west quarter less the south thirty (30) acres thereof of section nineteen (19) town four (4) in the United States Reserve of twelve miles square in Wood County, Ohio the premises hereby intended to be conveyed being fifty-three acres more or less."
 {¶ 4} In 1914, Conklin deeded the southernmost 10 acres of the property leaving approximately 43 acres. In 1949, Conklin died testate and his estate was probated in 1950. By will, Conklin devised to Jack Brigham and Shirley Brigham an 80-acre parcel and the parcel at issue was described in the certificate of transfer as:
 {¶ 5} "The northwest quarter of the northwest quarter of Section 19, Town 4, U.S. Reserve in Perrysburg Township, Wood County, Ohio, containing 40 acres more or less."
 {¶ 6} It is undisputed that the description should have read: "Thewest half of the northwest quarter * * *." The error resulted in the transfer of 40, rather than approximately 43 acres.
 {¶ 7} In 1981, the property, again with the scrivener's error, was transferred to BancOhio National Bank, as trustee for the Fastnacht children. In 1990, BancOhio transferred the deed to Robert, Julia, and Tricia Fastnacht. Thereafter, in 2005, the *Page 3 
property was transferred, by general warranty deed, by the Fastnachts and their spouses to FWS Properties, LLC. FWS is a limited liability company that was established in 2005; its principal organizer is Robert Fastnacht.
 {¶ 8} A 2006 survey of the parcel revealed the 1950 scrivener's error. According to the survey, the discrepancy consisted of a gap 48.83 feet wide and 1,343.91 feet long, (approximately 1.45 acres) at the south end of the property (referred to as the "disputed parcel".)
 {¶ 9} Following the discovery and unsuccessful negotiations, on April 4, 2007, FWS commenced the instant quiet title action. FWS requested that the trial court quiet title to the disputed parcel in its favor and reform the 2005 deed to conform to the legal description of the 1904 deed. FWS further argued that it was entitled to the disputed parcel by adverse possession.
 {¶ 10} On April 19, 2007, appellants filed their answer and counterclaim. The counterclaim alleged that the action was frivolous pursuant to R.C. 2323.51.
 {¶ 11} On January 28, 2008, FWS filed its motion for summary judgment. FWS argued that because the parties were not aware of the 1950 scrivener's error, a mutual mistake of fact occurred. In support of its motion, FWS attached the affidavit of Robert E. Johnson, a licensed title agent, who examined the property and its transfers and stated that: "[I]t is clear from the record that this is a scrivener's error, that a split was never drawn by the County Auditor and there is nothing in the record to indicate that there was *Page 4 
ever any intention to withhold from the 1950 transfer the approximately 3 acres which was inadvertently left out."
 {¶ 12} Thereafter, appellants filed their memorandum in opposition and cross-motion for summary judgment. Appellants asserted that the disputed parcel is adjacent to an 80-acre farm that was also transferred by the Estate of Fred Conklin in 1950. Appellants further argued that the disputed parcel, due to its proximity to a popular retail and residential area, is worth over $100,000. In support of their memorandum in opposition, appellants attached the affidavit of appellant, Lois Brigham, who stated that she still has a monetary interest in the adjacent 80-acre parcel and that "the 45 foot strip of land at the rear of the parcel * * * was not, nor was it intended to be, conveyed to BancOhio * * *. In fact, I was a grantor on that deed dated March 9, 1981, recorded in Volume 574, page 373, Wood County Recorder's records, and did not convey, nor did we intend to convey, the land in question to plaintiffs predecessor."
 {¶ 13} On March 13, 2008, the trial court granted FWS's motion, quieted title in its favor, and reformed the 2005 deed. Specifically, the court found that a mutual mistake of fact occurred because the intent of the parties to the 1950 transfer was to include the disputed parcel. The court found that Lois Brigham's affidavit was insufficient to create an issue of fact because she was not a party to the 1950 transfer. This appeal followed.
 {¶ 14} Appellants now raise the following three assignments of error for our consideration: *Page 5 
 {¶ 15} "I. The trial court committed reversible error by granting Plaintiffs motion for summary judgment, reforming a deed, and quieting title in favor of Plaintiff where there was significant evidence in the record indicating that the deed in question was not executed under a mutual mistake and that the grantor of the reformed deed could not have intended to convey land beyond what was included in the deed's description.
 {¶ 16} "II. The trial court committed reversible error in this case by entering a final judgment quieting title in favor of Plaintiff even though Plaintiff failed to join a necessary and interested party after having been put on notice of this omission by Defendants' counsel.
 {¶ 17} "III. The trial court committed reversible error by denying the Cross-Motion for Summary Judgment filed by Defendants Lois Brigham, Fred J. Brigham, and Michelle Brigham."
 {¶ 18} Appellants' first assignment of error asserts that the trial court erred by granting summary judgment in favor of FWS where material issues of fact existed regarding whether the deed in question was executed under a mutual mistake. Conversely, FWS contends that because neither appellants nor FWS were aware of the 1950 scrivener's error, this mistaken belief is, by definition, a mutual mistake.
 {¶ 19} We first note that appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. Of *Page 6 Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt,75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports the motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E).
 {¶ 20} Equity permits the reformation of a written instrument as between original parties as well as parties in privity with them.Mason v. Swartz (1991), 76 Ohio App.3d 43, 49. An instrument may be reformed where the instrument, due to mutual mistake of the parties, does not evince the actual intention of the parties. Id. at 50.
 {¶ 21} Where reformation of the contract is sought on the basis of mutual mistake, "the party seeking such reformation must establish the existence of the mistake by clear and convincing evidence." JustarrCorp. v. Buckeye Union Ins. Co. (1995), 102 Ohio App.3d 222, 225. Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469. *Page 7 
 {¶ 22} Appellants now contend that the trial court's judgment reached the illogical conclusion of transferring to FWS property that appellants never owned. The 1950 transfer was by testamentary gift; thus, the court could presume that the estate intended to devise the disputed parcel. However, appellants claim that the 1981 transfer included the entirety of their interest at that time and that they were never compensated for the value of the disputed parcel.
 {¶ 23} Upon review, we find that Lois Brigham's affidavit was sufficient to create an issue of fact to prevent summary judgment. Brigham stated that in the 1981 transfer she never intended to sell the parcel of which FWS is now claiming ownership. Further, appellants argue that they were not paid for the parcel which, based upon its location, likely has significant value. Accordingly, we find that appellants' first assignment of error is well-taken.
 {¶ 24} In their second assignment of error, appellants argue that because FWS failed to substitute parties upon appellants' notification of the death of Shirley Brigham, the court was precluded from awarding summary judgment without all interested parties joined in the action. Based on our disposition of appellants' first assignment of error, we find that appellants' second assignment of error is moot and is not well-taken.
 {¶ 25} Appellants' third assignment of error argues that the trial court erred by denying their cross-motion for summary judgment. Issues of fact remain regarding the acreage that was intended to be purchased and what was actually purchased in 1981. Appellants' third assignment of error is not well-taken. *Page 8 
 {¶ 26} On consideration whereof, we find that substantial justice was not done the parties complaining and the judgment of the Wood County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerks' expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1