OPINION
{¶ 1} Defendant-appellant, Douglas Susany, appeals from a Mahoning County Common Pleas Court judgment reforming the Declaration of a condominium development known as 6000 Olde Stone Condominium Development.
 {¶ 2} Plaintiff-appellee, Medi Rx Realty, LLC purchased property from David and Kathleen Roberts (the developers)[1] in 6000 Olde Stone Condominium Development in Poland, Ohio in 1998. There, appellee built a condominium unit, Unit A. The condominium development is a commercial condominium development for business condominiums. The developers owned the only other existing unit in the condominium development, Unit B. The developers intended to designate common areas in the condominium development but did not do so. They also planned to build additional units. However, no further units were built.
 {¶ 3} Several years later, appellant acquired the developers' interest in 6000 Old Stone Condominium by way of quit claim deeds from the developers, which were payments for debts owed by one of David Roberts's companies to one of appellant's companies. Thus, appellant took over the developers' entire interest in the condominium development, which included Unit B and the rest of the property.
 {¶ 4} Donald Duran is a member of appellee. According to Duran, he became concerned that the "Declaration Submitting Property for Condominium Ownership" (the Declaration) did not properly create common area in the condominium development. Duran, on behalf of appellee, wanted the Declaration to be reformed in order to properly describe the common area because he had concerns regarding access to the property and repairs/maintenance that needed done.
 {¶ 5} Consequently, appellee filed a complaint containing six separate claims against appellant and the developers relating to its purchase of Unit A. The sixth claim was a claim for reformation of the Declaration. This claim was tried before a magistrate separately from the other claims and is the subject of this appeal. *Page 2 
 {¶ 6} The magistrate issued a decision and made the following findings. Appellee is entitled to access to a public street, use of a parking lot and sidewalks, and use of common areas. A zoning change for the property occurred in 2004, when the property was zoned "town center." Appellant's interest in the condominium unit is the same as the developers would have had if they had not quit claimed their interest to him. Mistakes made in the condominium documents have adversely affected all parties. This matter is appropriate for reformation.
 {¶ 7} The magistrate then went on to determine that the appropriate documents should be reformed designating the common areas to include all property except for the property occupied by the units themselves.
 {¶ 8} Appellant filed objections to the magistrate's decision. He argued that the term "common grounds" is used for property which has yet to be developed, but which he wishes to develop. He stated that he has over $375,000 invested in this property. However, appellant asserted that the magistrate's decision leaves him with the inability to develop the rest of his property. Appellant further claimed that after the agreement between the developers and appellee, the property was rezoned so that it could no longer be used for the development of condominiums. He asserted that the magistrate's decision creates common ground on property that cannot be used for condominiums and, therefore, creates an illegal use. Appellant argued that under the magistrate's decision, he cannot use the property: he cannot build condominiums because the zoning laws will not allow it and he cannot build other buildings or offices, which the zoning allows, because the magistrate designated it as common grounds for the condominium development. Therefore, appellant asserted that the magistrate's decision was inequitable to him.
 {¶ 9} The trial court overruled appellant's objections and adopted the magistrate's decision. It entered judgment reforming and "correcting" the Declaration "according to the real understanding of the parties" so that the common area and facilities of the condominium development include all areas of the property not a part of Unit A or Unit B. *Page 3 
 {¶ 10} Appellant filed a timely notice of appeal on July 1, 2008.
 {¶ 11} Appellant raises two assignments of error, the first of which states:
 {¶ 12} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY `REFORMING AND CORRECTING' THE DESCRIPTION OF THE COMMON AREA AND FACILITIES OF THE CONDOMINIUM FOUND IN THE LEGAL DESCRIPTION OF THE REAL PROPERTY, EXHIBIT B TO THE DECLARATION SUBMITTING PROPERTY FOR CONDOMINIUM OWNERSHIP RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF MAHONING COUNTY ON JANUARY 9, 1998 BEGINNING AT DEED RECORD VOLUME 3498, PAGE 282 OF THE OFFICIAL RECORDS, DUE TO THE FACT THAT THE TRIAL COURT FAILED TO EXCEPT FROM THE COMMON AREA ALL `FOOTPRINTS' (BUILDINGS) THEN EXISTING AND ANY OTHER `FOOTPRINTS' (BUILDINGS) LATER BUILT IN THE DEVELOPMENT WHICH WAS CLEARLY THE INTENTION OF THE DEVELOPERS AND PLAINTIFF-APPELLEE."
 {¶ 13} Appellant argues that the trial court went beyond the intent of the developers and appellee when it reformed the Declaration. He contends that the developers and appellee intended to except from the common area all "footprints," meaning buildings, then existingand any other footprints later built in the development. In support, appellant relies on the deposition testimony of David Roberts. Appellant asserts that the trial court's reformation does not except from the common area any future footprints that may be built.
 {¶ 14} In response, appellee contends that the Declaration as drafted did not describe the common areas of the condominium development as was intended by the developers and by it as the buyer of Unit A. It points to a portion of the Declaration, which reads as follows:
 {¶ 15} "6. Description of Common and Limited Common Areas andFacilities.
 {¶ 16} "A. Common Areas and Facilities: The entire land described as the Real Property and the improvements thereon, not included within the Unit, shall be the Common Areas and Facilities of 6000 Olde Stone Condominium. The *Page 4 
percentage of ownership of the Common Areas and Facilities attributable to the ownership interest of each Unit and the basis of common expenses shall be proportionate to pro-rata ownership of the Footprint; provided, however, the maximum ownership interest and allocation of common expenses to MediRx Realty, LLC, its successors and assigns, for the ownership of Unit A shall never exceed twenty-five (25%) per cent, unless the Footprint of Unit A is increased in which event the pro-rata ownership interest for Unit A shall be calculated in the same manner as all other Units." (Deed Record Volume 3498, page 288).
 {¶ 17} Additionally, appellee points to the legal description of the property: "The legal description of the real property is set forth in Exhibit `B', attached hereto and made a part hereof." (Deed Record Volume 3498, page 283). However, appellee points out that Exhibit B only provides a legal description of Unit A and Unit B, which are the privately owned units. Thus, appellee argues they cannot be common areas.
 {¶ 18} Appellee goes on to argue that because appellant did not object to the magistrate's decision on the grounds that the reformed description of the common areas should have also excepted the footprints of buildings to be built in the future, he cannot now raise this as an issue on appeal.
 {¶ 19} A party's failure to file objections in accordance with Civ. R. 53, precludes that party from raising on appeal the trial court's adoption of the magistrate's conclusions. Yoakum v. McIntyre, 7th Dist. No. 03-CO-63, 2005-Ohio-7083, at ¶ 19. Pursuant to Civ. R. 53(D)(3)(b)(ii), "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." Thus, if a party does not specifically object to findings of fact or conclusions of law in a magistrate's decision, he cannot raise the issue on appeal.
 {¶ 20} In his objections, appellant stated that "[c]ommon ground is a term used for that property which has yet to be developed, but intended to be developed as condominiums so that the Condominium Association can maintain those common grounds and have joint use thereof." (Objections to Magistrate's decision, p. 2). This *Page 5 
statement immediately followed appellant's recap of the magistrate's decision that the common ground was to include all of the property except the footprints already existing. He later stated that "[t]here should be no common grounds whatsoever" so that he can develop the property. (Objections to Magistrate's decision, p. 30). We can surmise from these objections that appellant took issue with the fact that the decision only excepted the footprints of those buildings already in existence on the property and not the footprints of future buildings.
 {¶ 21} Because we consider these statements to be sufficiently specific objections, we must consider whether the trial court erred in adopting the magistrate's decision that all of the property in question, with the exception of Units A and B, is to be designated common area.
 {¶ 22} In reviewing the reformation of a contract, we apply the same standard used in civil cases. Justarr Corp. v. Buckeye Union Ins.Co. (1995), 102 Ohio App.3d 222, 226, 656 N.E.2d 1345. Thus, we will not disturb the trial court's judgment if it is supported by some competent, credible evidence going to all essential elements of the claim. C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578.
 {¶ 23} Reformation is an equitable remedy that allows the court to modify a contract or other instrument where, due to fraud or mutual mistake by the original parties, the instrument fails to reflect their intent. Gerace Flick v. Westfield Nat. Ins. Co., 7th Dist. No. 01-CO-45, 2002-Ohio-5222, at ¶ 91. "To demonstrate mutual mistake, the party seeking reformation must clearly and convincingly prove that the parties made the same mistake and that both parties understood the contract as the complaint alleges it ought to have been." Id.
 {¶ 24} The original parties to the Declaration in this case were David Roberts and appellee. Both parties intended the Declaration to define the common area in the condominium development. No one contests this fact. In fact, the law requires it. The declaration for a condominium shall contain, among other things, a legal description of the land and a description of the common elements and limited *Page 6 
common elements. R.C. 5311.05(B)(1)(6). But the Declaration failed to properly describe the common area. Thus, the Declaration was ripe for reformation.
 {¶ 25} The trial court ordered the Declaration reformed so that the common area included all of the property in question with the exception of Units A and B. Thus, under the court's judgment, all of 6000 Olde Stone Condominium Development is now common area with only the two existing units excepted.
 {¶ 26} To determine whether the trial court properly reformed the Declaration, we must look to the intent of the original parties. The original parties, David Roberts and Donald Duran on behalf of appellee, both testified in this matter. Roberts testified by way of previous deposition. He testified that the condominium development was expandable, meaning that more units could be added. (Roberts dep. 24-25). Roberts further stated that at this point in time, the common area is everything outside of Units A and B since they are the only two units right now. (Roberts dep. 25). Additionally, Roberts stated that he intended the common area to include everything outside of the footprints of the existing buildings and any other later sited buildings in the condominium development. (Roberts dep. 25-27).
 {¶ 27} On the other hand, Duran testified that he understood the common area to include everywhere outside of the footprint for his building (Unit A) and the other building (Unit B). (Tr. 24). He made no mention of other buildings or expandable condominiums.
 {¶ 28} This was the only evidence from the original parties to the Declaration as to their intent of what was common area when they signed the Declaration. One party, Roberts, testified that he envisioned an expandable condominium development and that the common area was to include all property except for the then existing footprints and any future condominium footprints that would be built on the property. The other party, Duran on behalf of appellee, stated that he understood the common area to include all property outside of the two existing footprints.
 {¶ 29} Thus, the court was faced with determining whether the intent of the parties was best expressed by Roberts or best expressed by Duran. The trial court *Page 7 
concluded that the original parties' intent was best expressed by Duran when it concluded that the common areas were all grounds outside of Units A and B. This was exactly what Duran testified to. Because the trial court's decision is supported by some competent, credible evidence, we will not disturb it.
 {¶ 30} Accordingly, appellant's first assignment of error is without merit.
 {¶ 31} Appellant's second assignment of error states:
 {¶ 32} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY REFORMING THE DECLARATION SUBMITTING PROPERTY FOR CONDOMINIUM OWNERSHIP RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF MAHONING COUNTY ON JANUARY 9, 1998 BEGINNING AT DEED RECORD VOLUME 3498, PAGE 282 OF THE OFFICIAL RECORDS, CONTRARY TO THE EXISTING ZONING LAWS OF POLAND TOWNSHIP."
 {¶ 33} Here appellant contends that the trial court's reformation of the Declaration is contrary to Poland Township's zoning laws. Appellant asserts that the trial court's reformation of the Declaration leaves him with the inability to develop the rest of his property. Appellant states that subsequent to the agreement between the developers and appellee, the property was rezoned so that it could no longer be used for condominium development. He contends that the trial court's judgment creates common ground on property that cannot be used for condominium development. This, appellant asserts, creates an illegal use of the property. He argues that the trial court's judgment either makes the property useless or judicially changes its zoning.
 {¶ 34} Appellant testified that he is on the Poland Township Zoning Board and, consequently, is aware of the zoning changes and requirements. (Tr. 44). He stated that in 2004, the property in question was re-zoned "town business" which allows commercial structures such as banks and offices. (Tr. 44-45). However, appellant testified, the re-zoning does not allow condominiums. (Tr. 45).
 {¶ 35} Appellant is not entirely clear in this assignment of error as to what he believes the court should have done. He claims that the court could not create *Page 8 
common area in the condominium development because the zoning laws had changed to prohibit condominiums.
 {¶ 36} But this issue is premature. The issue of zoning was not before the trial court. The trial court was faced with a complaint for the reformation of a condominium declaration that had been in place since 1998, well before any zoning changes. It was not faced with a complaint dealing with zoning or with a decision of the zoning board. Based on the complaint before it, the court's only options were to reform the Declaration to reflect the intention of the original parties or to find that reformation was not appropriate in this case and leave the Declaration as written. The trial court acted within these parameters.
 {¶ 37} Accordingly, appellant's second assignment of error is without merit.
 {¶ 38} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.
[1] Kathleen Roberts was a developer in name only. David Roberts was the only one of the two actually involved in the development of 6000 Olde Stone Condominium Development. *Page 1