OPINION.
{¶ 1} Appellant, Karen Komlanc, appeals the May 2, 2002 judgment entry of the Trumbull County Court of Common Pleas, Juvenile Division, in which the trial court denied her request for support and granted the motion to dismiss of appellee, Alexander Berencsi.
 {¶ 2} On August 2, 2001, appellant filed a complaint to establish paternity and a motion for child support. In her complaint, appellant alleged that appellee was the biological father of her daughter, Erica, who was born on October 25, 1981. Appellant further sought child support for Erica from the time of her birth. Appellee filed an answer to the complaint on September 4, 2001.
 {¶ 3} The matter was heard on November 16, 2001, where the magistrate denied parentage and DNA was ordered. The trial court adopted the magistrate's decision on November 19, 2001. Thereafter, on January 30, 2002, appellee filed a motion to dismiss. Appellee argued in his motion that the child for whom support was requested was nineteen at the time the complaint was filed, and therefore, the child was over the age of majority. On February 25, 2002, appellant filed a response to the motion to dismiss.
 {¶ 4} A hearing was held on April 4, 2002, before the magistrate. The magistrate decided that based on the DNA results, appellee was found to be the father of Erica pursuant to R.C. 3111.05. However, the magistrate determined that the request for support was denied since Erica was emancipated at the time the request for support was made. The trial court adopted the magistrate's decision on May 2, 2002. It is from that entry that appellant timely filed the instant appeal and now assigns a single assignment of error:
 {¶ 5} "Whether the trial court erred as a matter of law, by granting appellee's motion to dismiss appellant's motion for child support from birth."
 {¶ 6} In her lone assignment of error, appellant argues that the trial court erred in granting appellee's motion to dismiss her request for child support from birth.[1]
 {¶ 7} We note that appellant failed to file objections to the magistrate's decision. Civ.R. 53(E)(3)(b) provides that "* * * [a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Furthermore, the staff notes in Civ.R. 53 provide that "[division (E)(3)(b)] * * * reinforces the finality of the trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection."
 {¶ 8} In addition, the Supreme Court of Ohio has held that under Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal related to the trial court's adoption of a magistrate's finding of fact or conclusion of law unless the party timely objected to the finding or conclusion as required under the rule. State ex rel. Booher v. Honda ofAm. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54. This court has stated that "`[i]t is well-settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal.'" Thomas v. Thomas (Apr. 20, 2001), 11th Dist. No. 2000-T-0099, 2001 WL 409533, at 5, quoting In re Stevens (Nov. 17, 2000), 11th Dist. No. 99-T-0066, 2000 WL 1734933, at 2. See, also, Aurora v. Sea Lakes,Inc. (1995), 105 Ohio App.3d 60, 66; Cahill v. Phelps (Dec. 7, 2001), 11th Dist. No. 2000-L-201, 2001 WL 15661130, at 1.
 {¶ 9} Moreover, pursuant to Civ.R. 53(E)(4)(a), "* * * [t]he court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." See, also, Thomas, supra. Thus, prior to adopting a magistrate's decision, a trial court should conduct a cursory examination and review of the decision for any obvious errors.Group One Realty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767,769; Waddle v. Waddle (Mar. 30, 2001), 11th Dist. No. 2000-A-0016, 2001 WL 314659, at 2.
 {¶ 10} In the case at bar, although the trial court adopted the magistrate's decision the same day it was filed, appellant had fourteen days to file objections, which would have suspended the entry of the trial court until it ruled on the objections. Huffman v. Huffman (Jul. 13, 2001), 11th Dist. No. 2000-T-0095, 2001 WL 799882, at 1. Appellant failed to file any objections. Consequently, pursuant to the Supreme Court's ruling in Booher, appellant's failure to object to the magistrate's decision is alone dispositive of the arguments in her assignment of error.
 {¶ 11} Nevertheless, according to Civ.R. 53(E)(4)(a), the trial court was obligated to conduct a sufficient review of the magistrate's decision prior to adopting it. Upon a review of the record before us, we conclude that the trial court did not abuse its discretion in adopting the magistrate's decision because there were no apparent errors on the face of the decision. Therefore, we never reach the merits of appellant's argument in which she argues that the position was supported by the complaint. Appellant further relies on the logic in Hugershoff v. Loecy
(1998), 725 N.E.2d 376, in which the court denied the defendant's motion to dismiss an adult child's claim for back child support. The Hugershoff
Court did not rely on a decision from the First Appellate District,Snider v. Lillie (1997), 131 Ohio App.3d 444. In Lillie, the court held that it lacked the authority to order the biological father to provide support to a child who was emancipated and had reached the age of majority. However, we note that that point of law remains to be decided in our district prospectively.
 {¶ 12} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
JUDITH A. CHRISTLEY, J., concurs.
DIANE V. GRENDELL, J., concurs in judgment only.
[1] We note that there was really no dismissal; instead, the magistrate addressed the merits of the argument and recommended denying the request for support on the basis of emancipation.