OPINION
{¶ 1} Kent Wolf ("Kent") appeals the March 31, 2003 judgment entry of the Portage County Court of Common Pleas, Domestic Relations Division, wherein the trial court agreed with the magistrate's conclusion to reduce Kent's spousal support to $600.00 per month. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} Kent and Marianne Wolf ("Marianne") were married in 1975. Kent filed for divorce on July 19, 1999. A final divorce decree was filed on December 31, 2001. As part of the divorce decree, Marianne was awarded spousal support in the amount of $750.00 per month for 96 months. The decree also granted the trial court jurisdiction over this matter for this 96 month period.
 {¶ 3} On February 7, 2002, Kent filed a motion to modify child support and spousal support "based upon a substantial reduction in [Kent's] income." On April 4, 2002, the magistrate granted Kent's motion in regards to the child support, but denied the motion in regards to the spousal support. The magistrate found that, although Kent's income had substantially decreased in 2001, Kent's current income was not predictive of his future earnings.
 {¶ 4} On May 23, 2002, Kent again filed a motion to modify child support and spousal support "based upon a substantial reduction in [Kent's] income." On January 27, 2003, after conducting a hearing on the matter, the magistrate found that Kent's income had decreased and that Marianne's income had increased. The magistrate further found that Kent's "disposable income is sufficient to pay some spousal support" and that Marianne's "needs cannot be met unless her spousal support is continued." Thus, the magistrate granted Kent's motion, thereby reducing the spousal support to $600.00 per month. Because neither party filed objections to the magistrate's decision, the trial court adopted the magistrate's decision on March 31, 2003.
 {¶ 5} Kent timely appealed and raises the following assignment of error:
 {¶ 6} "The trial court erred by failing to terminate appellant's spousal support obligation."
 {¶ 7} In his sole assignment of error, Kent argues that the spousal support was no longer necessary. Kent further claims that the court did not consider the factors listed in R.C. 3105.18 as required in ordering spousal support. Thus, Kent claims that the trial court's award of spousal support in the amount of $600.00 was an abuse of discretion.
 {¶ 8} Kent's arguments derive directly from the conclusions contained in the magistrate's decision to modify spousal support. Kent, however, failed to timely object to the magistrate's decision pursuant to Civ.R. 53(E)(3). Kent is, therefore, now precluded from "assigning as error on appeal the court's adoption" of the magistrate's conclusions. Civ.R. 53(E)(3)(b);State ex rel. Booher v. Honda of Am. Mfg., Inc.,88 Ohio St.3d 52, 53, 2000-Ohio-269.
 {¶ 9} "Nevertheless, according to Civ.R. 53(E)(4)(a), the trial court was obligated to conduct a sufficient review of the magistrate's decision prior to adopting it." In re Komlanc,
11th Dist. No. 2002-T-0067, 2003-Ohio-5227, at ¶ 11. In conducting such a review, the trial court only needs to review the magistrate's decision to "determine [if] there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a) (emphasis added). In other words, where no objections are filed, "prior to adopting a magistrate's decision, a trial court should conduct a cursory examination and review of the decision for any obvious errors." Komlanc,
2003-Ohio-5227, at ¶ 9 (citations omitted) (emphasis added). "A de novo review of the magistrate's decision by the trial court is needed only if an appropriate objection is filed by a party."Perko v. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435 and 2002-G-2436, 2003-Ohio-1877, at ¶ 21 (citation omitted) (emphasis added).
 {¶ 10} It is evident from the record in this case that the trial court conducted such a cursory review of the magistrate's decision before adopting it. In fact, by listing separate findings of fact in its judgment entry, the trial court obviously conducted more than a mere cursory review of the magistrate's decision.[1] Specifically, the trial court found that, since the time of the divorce: (1) Kent's income had decreased; (2) Marianne's income had increased; (3) Kent's "expenses had not increased and his disposable income is sufficient to pay some spousal support;" and (4) Marianne's "needs cannot be met unless her spousal support is continued." Thus, the trial court concluded that Kent's "ability to pay has been reduced to some extent and therefore, * * * the spousal support should be modified based upon the new income figures given to the Court." As a result, the trial court reduced Kent's spousal support obligation to $600 per month.
 {¶ 11} Since the trial court conducted the requisite review of the magistrate's decision and since there are no defects apparent on the face of the magistrate's decision, the trial court did not abuse its discretion in reducing Kent's spousal support to $600.00 per month. Moreover, even if there was a defect on the face of the magistrate's decision, based upon the trial court's separate findings, as discussed above, the trial court did not abuse its discretion in so reducing Kent's spousal support obligation.
 {¶ 12} For the foregoing reasons, we hold that Kent's sole assignment of error is without merit. The decision of the Portage Count Court of Common Pleas, Domestic Relations Division, is affirmed.
O'Neill, J., concurs in judgment only, Christley, J., concurs in judgment only with a Concurring Opinion.
[1] Ostensibly, the trial court listed separate findings of fact because of the limited findings of fact and conclusions of law in the magistrate's judgment entry. It must be noted, however, that the magistrate was not even required to make any such findings or conclusions because neither party made the requisite request pursuant to Civ.R. 52. Civ.R. 53(E)(2); Perkov. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435, and 2002-G-2436, 2003-Ohio-1877, at ¶ 20.