{¶ 29} While I concur with the majority's decision to affirm the lower court's judgment, I reach this conclusion by different means.
 {¶ 30} Contrary to the majority's ruling, appellants' first assignment of error has no merit. The magistrate was not
required to provide findings of fact or conclusions of law in this case. Therefore, the magistrate was not required to place a conspicuous warning in the magistrate's ruling.
 {¶ 31} With respect to a magistrate's findings of fact, "Ifany party makes a request for findings of fact and conclusions oflaw under Civ. R. 52, or if findings of fact and conclusionsare otherwise required by law * * * the magistrate's decisionshall include findings of fact and conclusions of law. Civ.R.53(E)(2). (Emphasis added).
 {¶ 32} Civ. R. 52 states, in relevant part, "[w]hen questions of fact are tried by the court without a jury, judgment may begeneral for the prevailing party unless one of the parties inwriting requests otherwise before the entry of judgment." (Emphasis added). Thus, a magistrate is required to make specific findings of fact and conclusions of law only in cases where the parties make a timely written request or in cases where findings are specifically required by statute. Furthermore, it is well-settled that the requirements of Civ.R. 52 and Civ.R. 53(E) are to be read in tandem. Perko v. Perko, 11th Dist. Nos. 2001-G-2403, 2002-G-2435 and 2002-G-2436, 2003-Ohio-1877, at ¶ 20; Wolf v. Wolf, 11th Dist. No. 2003-P-0047, 2004-Ohio-2923, at ¶ 10 n. 1.
 {¶ 33} There is no question that David and Kimberly did not file objections to the magistrate's findings of fact and conclusions of law, nor is there any indication in the record that findings of fact were requested by either party, pursuant to Civ.R. 52. Furthermore, there is no requirement, statutory or otherwise, in a forcible entry and detainer cause of action that findings of fact be made. In fact, the Supreme Court of Ohio has held, due to the summary nature of a forcible entry and detainer proceedings, that a magistrate is not required to make findings of fact and conclusions of law in a magistrate's decision, evenwhen requested, pursuant to Civ.R. 52. Miele v. Ribovich,90 Ohio St.3d 439, 442, 2000-Ohio-193, citing State ex rel. GMSMgt. Co, Inc. v. Callahan (1989), 45 Ohio St.3d 51, paragraph one of the syllabus. Additionally, this court has held that when a party does not make a request for findings of fact and conclusions of law pursuant to Civ. R. 52, there is a waiver of the same. Therefore, it logically follows that in situations when a magistrate is not required by law or otherwise to make findings of fact or conclusions of law, or when litigants make no request for findings and conclusions pursuant to Civ.R. 52, and the magistrate makes them anyway, he is likewise not required to include the disclaimer language pursuant to Civ. R. 53(E)(2). Appellants' first assignment of error is, therefore, without merit.
 {¶ 34} Moreover, for the reasons discussed below, the lack of such warning would not change the substantive outcome in this case.
 {¶ 35} I concur with the majority's overruling of appellants' second assignment of error. The majority correctly upheld the lower court's decision that Daniel M. Mix is the owner of the manufactured home based on the presumption of regularity. Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199; R.G.Slocum Plumbing v. Wilson, 11th Dist. No. 2002-A-0091, 2003-Ohio-1394, at ¶ 11.
 {¶ 36} However, having found that Daniel M. Mix is the owner of the manufactured home, the majority's conclusion thatCostantino v. Lyons (Dec. 18, 1987), 11th Dist. No. 3774, 1987 Ohio App. LEXIS 10139, applies to this case is incorrect. In the instant action, unlike Costantino, Daniel M. Mix was the owner of the manufactured home and not simply a security holder at the time he initiated his forcible entry and detainer action.
 {¶ 37} As an owner, Daniel M. Mix had the right to evict appellants from the home since appellants had no right to continue to occupy it. Milburn v. Upton (Jun. 25, 1999), 2nd Dist. No. 99 CA 1, 1999 Ohio App. LEXIS 2921, at *5. For that reason, as well as because appellants had vacated or abandoned the home, appellants cannot demonstrate a valid substantive ground in support of their appeal. Therefore, appellants' third assignment of error is without merit.
 {¶ 38} For these reasons, the judgment of the Portage County Municipal Court, Ravenna Division, should be affirmed.