[Cite as *Zhuravlyov v. Bun*, 2020-Ohio-4108.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| DENIS ZHURAVLYOV, | : | **O P I N I O N** |
| Plaintiff-Appellee/ Cross-Appellant, | : | |
| | : | **CASE NO. 2019-L-102** |
| - vs - | : | |
| JEANNETTE BUN, | : | |
| Defendant-Appellant/ Cross-Appellee. | : | |

Appeal from the Lake County Court of Common Pleas, Domestic Relations Division, Case No. 2016 DR 000384.

Judgment: Modified and affirmed as modified.

*Jon D. Axelrod* and *Rochelle M. Hellier,* Axelrod Law Office, 7976 Tyler Boulevard, Mentor, OH 44060 (For Plaintiff-Appellee/Cross-Appellant).

*Nicholas A. D'Angelo,* Cannon & Aveni Co., LPA, 41 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant/Cross-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant/Cross-Appellee, Jeannette Bun ("wife") appeals from the trial court's judgment, partially adopting and modifying the magistrate's decision. Appellee/Cross-Appellant, Denis Zhuravlyov ("husband"), cross-appeals the same judgment. For the reasons in this opinion, we modify and affirm as modified.

{¶2} The parties were married on March 3, 2008. Two children were born as issue of the marriage; to wit: C.Z., DOB April 11, 2011; and A.Z., DOB April 19, 2015. Husband filed a complaint for divorce on June 29, 2016. The matter was tried to the magistrate and, on September 25, 2018, the magistrate filed his decision. Both parties filed timely objections. The trial court sustained certain objections and overruled others. Ultimately, the trial court adopted the magistrate's decision in part and modified the same in part. This appeal and cross-appeal follows. Wife assigns six errors for this court's review. The first provides:

{¶3} "The trial court erred in awarding custody of the minor children to appellee."

{¶4} In custody cases, "[t]he appellate court must keep in mind that the trial court is better equipped to examine and weigh the evidence, determine the credibility of the witnesses, and make decisions concerning custody." *Terry L. v. Eva E.*, 12th Dist. Madison No. CA2006-05-019, 2007-Ohio-916, ¶9 (citation omitted). Accordingly, the standard of review in custody cases is whether the trial court abused its discretion. *Brandt v. Brandt*, 11th Dist. Geauga No. 2012-G-3064, 2012-Ohio-5932, ¶11, citing *Liston v. Liston*, 11th Dist. Portage No. 2011-P-0068, 2012-Ohio-3031, ¶15. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶5} The magistrate initially found the parties entered into a "split-custody" agreement, i.e., C.Z. to reside with husband and A.Z. to reside with wife. A hearing on the agreement was held during which testimony established wife was comfortable with

the arrangement; husband, however, testified, he "did not want this." Husband ultimately objected to the magistrate's decision adopting the agreement, asserting he "reluctantly agreed" to the split-custody arrangement. He represented that he withdrew his agreement and the trial court, in its judgment entry, acknowledged husband's hesitation to the arrangement during the hearing. The trial court considered each of the R.C. 3109.04(F)(1) best-interest factors and concluded that, in light of all surrounding circumstances, both children should reside together in the same household with husband.

{¶6} The trial court pointed out that both parents have demonstrated certain troubling tendencies. Husband is antagonistic toward wife and her family. Wife testified husband is inflexible and difficult if she arrives to pick the children up early or drops them off late. Moreover, husband appears controlling and complained that the children, when with wife, are left unsupervised in the basement of the restaurant owned by wife's family. Alternatively, wife, in text messages and Facebook posts, used disparaging remarks when referring to the couple's son, stating in one that she "hates this creature" and that he looks like a worm and "I hate worm." (sic.) And, significantly, prior to husband filing for divorce, wife left the country to visit Cambodia and other Asian countries for three months without the children. During this time, the children resided with husband and wife called very seldom (only two or three times) while abroad and, when she called, she did not speak to the children.

{¶7} Further, the trial court was troubled by wife's willingness to split the siblings to live in different households at such young ages. Regarding this point, the court observed the children "are far too young to have a normal sibling relationship

3

fractured by their parents." We conclude the trial court's conclusion that splitting the children between each parent would be contrary to their best interests was reasonable and proper. Moreover, the trial court's decision to allocate primary parental rights and responsibilities to husband was appropriate under the circumstances because he works from home and is therefore more accessible. We therefore discern no abuse of discretion.

{¶8} Wife's first assignment of error is without merit.

{¶9} Wife's second assignment of error provides:

{¶10} "The trial court erred when valuing the marital residence of the parties."

{¶11} Under this assigned error, wife asserts: (1) the trial court abused its discretion when it accepted husband's testimony regarding the marital home's value, which was obtained from the county auditor's website, when husband later disavowed that value; and (2) the trial court erred in failing to order the home sold. In support of her argument, wife cites *Tokles & Sons, Inc. v. Midwestern Indemnity Co.*, 65 Ohio St.3d 621 (1992).

{¶12} In *Tokles & Sons*, the Supreme Court of Ohio held "[i]t is a general rule of evidence that before one may testify as to his opinion on the value of property, one must qualify as an expert." *Id.* at paragraph one of the syllabus. The Court, however, additionally held "[a]s an exception to the general rule, an owner is permitted to testify concerning the value of his property without being qualified as an expert, because he is presumed to be familiar with it from having purchased or dealt with it." *Id.* at paragraph two of the syllabus. *See, also, Smith v. Padgett*, 32 Ohio St.3d 344, 348 ("There is no logical basis for distinguishing between owners of freehold estates in land and owners

4

of personal property, on the one hand, and owners of leasehold estates in land, on the other. Because the owner-opinion rule applies to owners of both real and personal property, it should apply as well to an owner of a leasehold estate.") In this respect, the parties were authorized to testify regarding their view of the property's value.

{¶13} At the hearing, husband testified to his belief that the latest valuation from the county auditor's website (from March 2018) was an accurate appraisal of its value; namely, $174,900. And wife offered a copy of a valuation from the website Trulia, which listed the home's value at $219,000. Husband also testified he paid approximately $175,000 for the home. While husband did indicate he thought the auditor's figure was somewhat inflated, neither party sought a formal appraisal and, even though the valuation is hearsay, wife did not object to the admission of the auditor's valuation. We therefore conclude the trial court did not abuse its discretion in accepting husband's testimony on the property's value, regardless of the parties' ostensible misgivings.

{¶14} Furthermore, wife, in conclusory fashion, asserts that because no agreed-upon value was submitted to the court, the court should have ordered the sale of the property. Husband testified he desired to remain in the marital home, and he was willing to pay wife her share of the equity. He indicated that keeping the residence would help maintain stability for the children and keep them in the school district with minimal disruption. R.C. 3105.171(J)(2) permits a trial court to issue any orders it deems equitable, "including a decree requiring the sale of real property." *Gills v. Gills*, 11th Dist. Lake Nos. 93-L-191 and 93-L-194, 1994 WL 738499, *3 (Dec. 23, 1994). We discern nothing inequitable in the trial court declining to order sale of the home.

{¶15} Wife's second assignment of error lacks merit.

5

{¶16} Wife's third assigned error provides:

{¶17} "The trial court erred when it failed to award the appellant her attorney fees as requested. Despite numerous findings of appellee's actions which increased the appellant's costs for representation, the court['s] standard of review of a trial court's determination in regard to an award of attorney fees under R.C. 1345.09 is an abuse of discretion."

{¶18} Wife contends the trial court should have awarded her attorney fees due to the disparity in the parties' relative incomes (husband's gross income is $86,000 per year and wife's imputed income is $17,264), and because, in her view, husband needlessly protracted the proceedings in an effort to harm her "as much as possible."

{¶19} Preliminarily, wife cites R.C. 1345.09 as the governing statute authorizing attorney fees. R.C. 1345.09, however, addresses, inter alia, attorney fees associated with violations of Ohio's Consumer Sales Practices Act. It is therefore not applicable to the underlying proceedings. R.C. 3105.73(A) is the proper statute and provides:

> {¶20} In an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that action, a court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' marital assets and income, any award of temporary spousal support, the conduct of the parties, and any other relevant factors the court deems appropriate.

{¶21} An appellate court reviews an award of attorney fees under an abuse of discretion standard. *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, ¶70.

{¶22} In its judgment entry, the trial court adopted the magistrate's denial of attorney fees. The court determined "from the evidence adduced at trial [wife] has more

6

than ample funds to pay her attorney through her parents." Although wife's parents are not legally bound to fund her divorce litigation and wife's income is significantly lower than husband's income, she testified that her parents subsidize her entire lifestyle. Wife admitted her family paid some $5,000 for her three-month trip to Asia; further, her parents allow her to stay in their home rent free and pay all of her expenses and bills. And wife admitted that, over the course of the previous five and one-half years, her parents gifted her some $67,000 "to use [on an] everyday basis." We accordingly hold that while wife's parents are not legally obligated to pay wife's attorney fees, the trial court's conclusion, that she is not entitled to attorney fees was reasonable and supported by the record in this case.

{¶23} Wife's third assignment of error is without merit.

{¶24} Wife's fourth assignment of error states:

{¶25} "The trial court erred when it ordered appellant to pay one half of the guardian ad litem fees incurred in this matter."

{¶26} Initially, wife objected to the failure of the magistrate *to address* the issue of guardian ad litem fees in his initial decision. The magistrate, however, in a subsequent entry, did address those fees and ultimately split the same. Wife did not object to this decision. It is well-settled that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal. *See, e.g., In re Komlanc*, 11th Dist. Trumbull No. 2002-T-0067, 2003-Ohio-5227, ¶7. Accordingly, wife's fourth assignment of error was not properly preserved. Even if wife properly objected, however, the argument is without merit.

7

{¶27} Wife argues, without citation to authority, the trial court erred in splitting the guardian ad litem fees because she was required to call upon the guardian ad litem an inordinate amount due to issues with picking up and dropping off the children. The record demonstrates that the parties filed a joint motion for the appointment of the guardian ad litem. Even if wife felt compelled to contact the guardian ad litem, thereby incurring greater fees, she has failed to establish the contact was due to any questionable actions of husband. Wife jointly agreed with husband to utilize the guardian ad litem and, it appears from her representations at trial, she utilized the guardian ad litem rather frequently. In light of these points, we conclude the trial court's order that she pay half the fees was a reasonable exercise of its discretion.

{¶28} Wife's fourth assignment of error lacks merit.

{¶29} Wife's fifth assignment of error provides:

{¶30} "The trial court erred when it adopted the magistrate's findings regarding employability and imputation of wages ordering her to pay child support to the appellee in this matter, as well as to pay other marital obligations."

{¶31} Under this assignment of error, wife first asserts the trial court abused its discretion when it imputed a full-time, minimum-wage annual income.

{¶32} Initially, the trial court did not abuse its discretion when it found wife was voluntarily underemployed, triggering consideration of R.C. 3119.01(B)(17)(a) factors, to impute income. The magistrate found that "there is nothing in the record to indicate that [wife] is not capable of full-time employment." He additionally found wife is in good physical and mental health; moreover, even though wife voluntarily elects to work part-time at her parents' restaurant for $700 per month, she received a bachelor's degree in

8

business administration in 2011 and thus could arguably earn significantly more pursuing an alternative career. The trial court also observed that even though the parties originally planned for wife to work part-time during the marriage, the marriage was over and thus that point was no longer relevant. There was no error in the imputation of full-time, minimum-wage income.

{¶33} Wife next asserts the trial court erred in ordering her to pay child support as well as ordering her to pay other marital obligations. Wife does not support her conclusion relating to child support with any argumentation, in violation of App.R. 16(A)(7). It is not this court's role to advance arguments on behalf of a party. *State ex rel. DeWine v. Deer Lake Mobile Park, Inc.*, 11th Dist. Geauga No. 2016-G-0077, 2017-Ohio-1509, ¶27, citing App.R. 16(A)(7) ("[I]t is not this court's function to make appellants' argument for them.") We therefore need not address this issue.

{¶34} Similarly, wife simply *claims* husband sent her outstanding medical bills for her to pay rather than to resolve these family debts and it was error for the court to assign such debt to her. Wife does not specifically define what medical debts husband sent her; and, even if we were to somehow divine the debts to which she is referring, she admits they are family debts. In her objections to the magistrate's decision, she objected to the allocation of certain medical debts in a "two-thirds, one-third" division based upon husband's higher income. The magistrate, however, found all admitted outstanding medical debts were incurred during the marriage and each party would be responsible for *half* of the outstanding debt (day care expenses were split 2/3 husband, 1/3 wife). The trial court determined that obligating wife to one-third the outstanding medical bills was not unreasonable or inequitable because such a proportional division

roughly parallels the parties' income disparity. Regardless of the inconsistency between the decision and the objection, we see nothing unreasonable in the manner the trial court addressed the objection. Thus, the trial court did not abuse its discretion.

{¶35} Wife's fifth assignment of error lacks merit.

{¶36} Wife's sixth and final assignment of error provides:

{¶37} "Whether the trial court abused its discretion by adopting the magistrate's recommendation regarding spousal support to be paid to appellant as to both amount and duration."

{¶38} Wife contends that the trial court erred in adopting the magistrate's decision that she receive $1,500 per month for a period of 27 months; according to her objections, she requested $2,000 for a period of three years. She contends that, given the vast disparity of the parties' earnings and the 10-year duration of the marriage, the requested amount was reasonable and would not unfairly burden husband.

{¶39} Pursuant to R.C. 3105.18(C), "[i]n determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider" a non-exhaustive list of factors. In his decision, the magistrate set forth the factors and fully discussed their applicability. The magistrate then concluded:

{¶40} After considering all of the factors in Ohio Revised Code Section 3105.18(C) and the findings of fact outlined above, including but not limited to the age of the parties, the length of the marriage, the limited earning ability of [wife], the standard of living of the parties during the marriage, the assets and expenses of the parties it is determined the proper periodic amount of spousal support would be [husband] paying to defendant the sum of $1,500.00 per month effective October 1, 2018, for a period of 27 months.

10

{¶41} It is acknowledged the income and expenses of the parties will not allow either to maintain a lifestyle consistent with their lifestyle when they lived together absent increases in income by both parties. The duration of spousal support also considers the parties have been living separate and apart since the spring or early summer of 2016.

{¶42} Even though wife highlights the 10-year length of marriage, the trial court, in adopting the magistrate's decision, noted "the evidence set forth below shows the parties actually lived together for only about half of the 10-year marriage: approximately five years." Further, approximately two of the 10 years were during the divorce litigation. These points weigh against wife's insistence that the formal duration of the marriage is a salient factor militating in favor of an increase. And, while we recognize the apparent income disparity between the parties, the record is also clear that wife's parents provide her with significant income and lifestyle assistance. Pursuant to R.C. 3105.18(C)(1)(a), a court shall consider the parties' income *from all sources.* Further, R.C. 3105.18(C)(1)(n), the court is obligated to consider "[a]ny other factor that the court expressly finds to be relevant and equitable." The income assistance of wife's parents was clearly an appropriate factor for the court to entertain in arriving at an equitable spousal-support order.

{¶43} The magistrate expressly considered all the statutory factors in arriving at its spousal-support calculation. Although wife requested a greater amount for a greater duration, we nevertheless conclude the amount and length of the order was reasonable. Moreover, it bears noting, the magistrate recognized that changes in income could occur justifying modification of the amount; hence, the court reserved jurisdiction to

11

revisit the issue and modify the award if the circumstances justify such action. Thus, the trial court did not err in adopting the magistrate's conclusion.

{¶44} Wife's sixth assignment of error lacks merit.

{¶45} For his first assignment of error on cross-appeal, husband asserts:

{¶46} "The trial court abused its discretion by not acknowledging appellee's separate property."

{¶47} Husband argues the trial court erred in failing to consider the non-marital value of a vehicle ($6,000, according to the evidence) he used as a trade-in to purchase the vehicle he possessed at the time of the hearing. Specifically, he asserts he bought and paid off the trade-in prior to the marriage; as a result, he asserts he was entitled to $6,000 non-marital-asset credit for the trade-in down payment on his current vehicle.

{¶48} R.C. 3105.171 requires trial courts to equitably divide separate and marital assets in a divorce. R.C. 3105.171(A)(6)(a)(ii) provides that any personal property acquired by one spouse prior to the marriage is separate property. Husband's testimony established his previous vehicle was separate property and thus the $6,000 trade-in was a specific, traceable amount to which he was entitled credit.

{¶49} Pursuant to the parties' testimony and exhibits establishing fair-market value of the current vehicles, the magistrate found that husband's vehicle had a fair-market value of $11,125; the magistrate further found wife's vehicle had a fair-market value of $12,450. Each vehicle was unencumbered, and the magistrate determined that each party would retain their respective vehicle. No objections were advanced vis-à-vis the vehicles' valuation. Moreover, husband submitted an exhibit demonstrating he

12

purchased his current vehicle for $22,417.01 and that the trade-in value of his former vehicle was $6,000.

{¶50} In order to divide the marital value of the vehicles, the magistrate determined the difference in value was $1,325. The magistrate consequently ordered $662, half of $1,325, to be deducted from what husband owed wife. In light of husband's objection and assigned error, we conclude this calculation is erroneous.

{¶51} Husband testified he used the $6,000 trade-in as a down payment. Moreover, husband supplied the court with supportive documentation demonstrating he received a $6,000 trade-in allowance when he purchased his current vehicle, for which he paid $22,417.01, in February 2014. Dividing $11,125 by $22,417.01 equals .496 (49.6%); hence, the vehicle had depreciated from February 2014 to June 2018, the date the vehicles were valued for trial by 50.4%. Multiplying $6,000 by .496 equals $2,976 – the pro-rata remaining value of husband's separate-property investment. Accordingly, the magistrate should have subtracted that amount from the fair-market value of husband's current vehicle ($11,125), which leaves $8,149. That amount then should be subtracted from the value of wife's vehicle ($12,450), to determine the difference, i.e., $4,301. Dividing that number in half yields $2,150.50. Accordingly, $2,150.50 should be deducted from what husband owes wife.

{¶52} We point out that wife, in her brief, contests the value of husband's current vehicle; wife, however, does not assert the valuation was problematic in any specific way, only that testimony relating to the vehicle was "convoluted." Regardless, wife did not take issue with the relative, fair-market values of the current vehicles in an objection to the magistrate's decision. In this respect, any argument relating to those values was

13

waived. Moreover, wife does not argue that the $6,000 trade-in allowance was not husband's separate property. To the extent the magistrate possessed valuations of the vehicles, possessed evidence of the purchase price of the current vehicle, and heard uncontested testimony that the $6,000 was traceable, separate property, husband was entitled to a $2,150.50 credit, pursuant to the above calculation, against what he owes wife. We accordingly modify the trial court's judgment to reflect this change.

{¶53} Husband's first assignment of error on cross-appeal has merit.

{¶54} His second assignment of error provides:

{¶55} "The trial court abused its discretion by ordering appellee to divide a new stock account after separation and also to assume marital debt in full that was acquired post-separation."

{¶56} With respect to the purportedly new stock account, husband testified that he began a new job in August 2017, while he was married, but after the divorce was filed. While he testified this account was worth $4,000, he did not specifically identify when he started contributing to the account. Nevertheless, he maintains he is entitled to those funds due to their accrual after the proceedings commenced. We do not agree.

{¶57} The duration of the marriage was from March 3, 2008 through May 2, 2018. In his decision, the magistrate identified the subject account to have a value of $4,623 as of May 1, 2018. Because that account was funded with that amount during the marriage, it was reasonably classified as marital property. The magistrate did not err in splitting the same and the trial court properly adopted that conclusion.

{¶58} Next, husband asserts the trial court erred in requiring him to pay credit card debts which were incurred since April 2016. He notes he testified that one credit

14

card had a balance from a transfer of another card incurred prior to separation. The factfinder may believe all, some, or none of the testimony of each witness appearing before it. *State v. Brown,*11th Dist. Trumbull No.2002-T-0077, 2003-Ohio-7183, ¶53. The magistrate and trial court were not required to find husband's testimony credible; moreover, even if the testimony were believed, the trial court was permitted to distribute the debt in a manner it found reasonable and equitable. Given the difference in the parties' actual income and the evidence that husband had used a certain credit card to fund the underlying lawsuit, we conclude the trial court did not abuse its discretion in allocating the debt.

{¶59} Similarly, husband complains the trial court erred in awarding half the equity in the marital home, yet failing to offset its award in light of the new furnace and air conditioner that was installed. Again, the trial court did not abuse its discretion when it ordered wife receive half the equity in the residence because the award can be reasonably deemed equitable.

{¶60} Husband's second assignment of error on cross-appeal lacks merit.

{¶61} Husband's third assignment of error asserts:

{¶62} "The trial court abused its discretion by disregarding evidence that appellant concealed marital assets."

{¶63} Husband contends the trial court erred in failing to consider evidence that wife received money during the marriage and sending it to Cambodia; he further asserts the court similarly erred when it did not address land wife allegedly owns in Cambodia. We recognize husband testified to each of these points. Still, as previously

15

emphasized, the trial court was not obligated to deem any testimony relating to these points as inherently credible. We decline to find an abuse of discretion.

{¶64} Husband's third assignment of error on cross-appeal lacks merit.

{¶65} Husband's fourth assignment of error provides:

{¶66} "The trial court abused its discretion by disregarding the magistrate's decision that appellee is not in possession of the personal property."

{¶67} Husband's argument is not entirely clear. He apparently asserts the trial court erred by disregarding the magistrate's caveat that "it is not clear whether [husband] possesses all of the property * * *" wife claims to be her personal property. The trial court, however, ordered that wife "shall be provided four hours to be in the marital residence to retrieve her personal property identified on Pages 12 and 13 of the Magistrate's Decision." The court further ordered a date set for the retrieval, i.e., April 30, 2019. Husband was restrained from "selling, destroying, moving, or damaging [wife's] personal property" set forth in the magistrate's decision. To the extent this transaction occurred, and wife obtained all the property set forth in the magistrate's decision, it would appear the concerns raised under this alleged error are moot.

{¶68} Husband's fourth assignment of error on cross-appeal lacks merit.

{¶69} We shall address husband's fifth and sixth assignments of error together. They provide:

{¶70} "[5.] The trial court abused its discretion by imputing appellant to minimum wage when there was evidence that she was capable of earning more income which resulted in an incorrect calculation of both child support and spousal support.

16

{¶71} "[6.] The trial court abused its discretion by imputing appellant to minimum wage despite evidence that her income was highly intermingled with her parents['.]"

{¶72} As discussed under wife's fifth assignment or error, the trial court did not err in imputing full-time, minimum-wage income to wife even though her actual income to which she testified was much lower. Appellant argues, however, the trial court erred in adopting the magistrate's conclusion because (1) wife possesses a bachelor's degree in business administration and is in good health and able to work full time; and (2) her parents provide her significant financial support and wife's income is intermingled with theirs.

{¶73} With respect to the first issue, we recognize that, theoretically, wife may be able to earn an income significantly greater than minimum wage in an abstract employment scenario utilizing her educational credentials. Still, the evidence did not indicate wife had sought, let alone obtained, any employment associated with her educational background; further, even though there may be ample employment opportunities for one with a bachelor's degree in business administration, no evidence was received regarding what those might be and what a reasonable entry-level employee might earn. In the absence of any evidence of what wife might be able to earn, imputation of full-time, minimum wage was equitable. We discern no error.

{¶74} Regarding the second issue, even though wife receives significant financial support from her parents, her job status at the time of the hearing was that of a part-time employee at her parents' restaurant, where she purportedly earned much less than minimum wage. While wife's parents certainly provided her with monetary and other support, her parents' testimony indicated the money, which wife received when

17

requested, is a gift. And, while this does not necessarily preclude it being considered income, the monetary gifts and the income intermingling do not necessarily imply that the trial court's imputation of full-time, minimum-wage income was improper and inequitable. Accepting husband's argument would require the trial court to engage in guesswork to determine the full nature of wife's parents' monetary contribution to her lifestyle. Under the circumstances, we decline to find error.

{¶75} Husband's fifth and sixth assignments of error on cross-appeal are without merit.

{¶76} Husband's seventh assignment of error provides:

{¶77} "The trial court abused its discretion by awarding spousal support based on tax consequences in 2018 and not adjusting accordingly for the tax consequences in 2019."

{¶78} Appellant argues the trial court erred in not recalculating its spousal support award in light of the apparent changes in tax laws from 2018, when the magistrate's decision was issued, to 2019, when the court's judgment was entered.

{¶79} In his objection to the magistrate's decision, husband asserted:

{¶80} The magistrate's decision discusses spousal support as it relates to tax deductions and the benefit to [husband] if the case was concluded by December 31, 2018. However, the magistrate's decision is silent as to if the case was not concluded prior to December 31, 2018. In addition, the magistrate's decision indicates that spousal support would be a tax deduction for [husband] then later goes on to say that neither party presented expert testimony as to the tax implications of spousal support.

{¶81} The foregoing objection does not assert any argument as to how the actual tax implications will harm or benefit husband if the judgment is issued after December 31, 2018; and, it does not request the court to recalculate the support order if

18

its judgment is issued after December 31, 2018. In light of the objection, the trial court observed it is up to a party, not the court, to present argumentation as to how the tax act changes impacts spousal support for 2019. We do not find error in the court's conclusion. Without some evidence regarding potential tax consequences, the court had nothing before it upon which to rule.

{¶82} Husband's seventh assignment on cross-appeal is without merit.

{¶83} For his eighth assignment of error, husband asserts:

{¶84} "The trial court abused its discretion when it set up a visitation schedule that is not in the best interests of the minor children."

{¶85} Husband argues the trial court's modification of the parenting-time schedule is not in the best interest of the children. He asserts the new schedule requires the older child to travel 50 miles one way on Sunday evening and then travel 50 miles back early Monday morning. He maintains neither party requested the schedule, which was crafted by the court, and because it is more difficult for the parties to follow, it is not in the children's best interest.

{¶86} While we agree the schedule issued by the court is more complicated than the split-custody arrangement and perhaps more burdensome on the parties, this does not imply it is against the *children's* best interest. The trial court was troubled by the split-custody arrangement because it separated the siblings for too great a period. The court seemed most interested in making certain that the children should be raised in the same household as much as practicable. While the schedule created by the court is somewhat involved in the sense that it requires more traveling for the parties might prefer, it serves the ultimate purpose of placing the children's interests first. We

19

acknowledge there may be better arrangements available to the parties that also primarily serve the children's best interests; the parties, however, were unable to come to a mutual agreement that could meet both their interests as well as serve the children's best interests. Under the circumstances, we discern no abuse of discretion in the schedule ordered by the court.

{¶87} Husband's eighth assignment of error on cross appeal lacks merit.

{¶88} Husband's ninth and final assignment of error provides:

{¶89} "The trial court abused its discretion by allocating to appellant to claim one of the parties' minor children as a dependent despite her tax situation and child support payments."

{¶90} Husband contends the trial court erred by allowing wife to claim one of the minor children without considering relevant factors under R.C. 3119.82. Appellant failed to raise this issue as an objection to the magistrate's decision and, as a result, he cannot raise it for the first time on appeal. *See Komlanc*, *supra.* This assigned error, therefore, is not properly before this court. Even if it was properly raised, however, the magistrate's decision indicates R.C. 3119.82 was considered. The magistrate concluded: "After considering Ohio Revised Code Section 3119.82, [husband] shall receive the tax credit for [C.Z.] and [wife] shall receive the tax credit for [A.Z.]" Although the magistrate did not elaborate on the nature of its consideration, the decision reflects the statute was not neglected.

{¶91} Husband's final assignment of error on cross-appeal is without merit.

{¶92} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is modified and affirmed as modified.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.